IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: The Matter of The Search of: ) <br> 4011 East Broadway Boulevard, ) <br> Suite 101, Tucson, Arizona, 85711. ) <br> _____ ) <br> ) <br> In Re: The Matter of The Search of: ) <br> 201 South Plumer Avenue, Units ) <br> #208, #249, and #310, Tucson, Arizona, ) <br> 85719 ) <br> _____ ) | CV 06-00492-TUC-DCB [CRP] <br><br><br><br> REPORT AND RECOMMENDATION |

These consolidated matters are before the Court because Mr. Trezza has filed a Motion For Return of Property seized pursuant to search warrants issued by this Court. For the reasons discussed herein, this Court recommends that the District Judge, after his independent review and consideration, deny the motion and order the case to be dismissed without prejudice.

On November 2, 2005, this Court issued search warrants to search Mr. Trezza's law office and the law office's storage locker for records related to an Internal Revenue Service ["IRS"] investigation. The search was conducted by a taint team of investigators and lawyers not associated with the investigation of Mr. Trezza. The documents seized have since been maintained in a secure facility in Phoenix. Agent Watson and Assistant U.S. Attorney Eric Markovich, who are in charge of the investigation of Mr. Trezza, have not had access to these documents to date.[1]

On June 16, 2006, Mr. Trezza filed a Motion For *Franks* Hearing and Motion For Return of Property [hereafter "Motion"]. The Court, *sua sponte*, dismissed the Motion for *Franks* hearing as premature[2] and set the Motion for Return of Property for hearing.

---

[1] The Government is concerned about the speedy resolution of this motion because the statute of limitations will run in April 2007.

[2] The dismissal of the Motion For *Franks* Hearing, a dispositive ruling, should have been done by Report and Recommendation. In any event, Mr. Trezza filed "objections" to that order, as would be done with a Report and Recommendation, and ultimately, the denial of the Motion For *Franks* Hearing was upheld

Trezza requested an evidentiary hearing and served subpoenas duces tecum on IRS Agent Watson and several other witnesses for purposes of deposing the witnesses and obtaining the documents in advance of the evidentiary hearing. At the request of the Government, the Court stayed the subpoenas.

Trezza also moved to disqualify AUSA's Richard Mesh and Eric Markovich. Trezza argues that a grand jury subpoena specifically requested documents that had not been seized in the search conducted in November 2005. Trezza concludes that there had to be communications between the taint team and the investigatory team for that to occur. Mr. Mesh is the AUSA assigned to the taint team. Trezza argues Mesh and Markovich would be witnesses at the Rule 41(g) evidentiary hearing.

Three motions are before the Court: the motion for return of the seized documents; the motion to disqualify Mesh and Markovich; and the motion to quash the subpoena duces tecum. Whether Trezza is entitled to an evidentiary hearing on the Rule 41(g) motion is determinative of all three motions.

Trezza concedes that documents the taint team determined to be privileged have been returned to him and presumably no copies of those documents have been retained by the Government. The remaining documents have been copied with Trezza being supplied the copies and the Government retaining the originals.

The seized documents have not been delivered to the investigatory team pending this motion. Trezza has been requested to identify any additional privileged documents to be returned to him. Trezza refuses to do so, arguing that no statute or court order requires him to do so.

The relief requested by Trezza is that all original documents seized be returned to him and that the Government retain no copies of the documents. This is tantamount to a pre-indictment motion to suppress.

As importantly, Trezza insists on his right to an evidentiary hearing and the civil discovery procedures in advance of the hearing. This is tantamount to extraordinary pre-

---

by District Judge Bury.

indictment discovery of the Government's investigation. Trezza argues that he can show that the Government's actions in obtaining the search warrants have been so outrageous that the Court will conclude the extraordinary remedy of suppression of all the evidence seized is required.

The current provision of Rule 41(g), Rules of Criminal Procedure, directs the court to balance the interests of the individual in recovering the use of the property seized and the Government's interest in investigating unlawful conduct. Trezza does not seek an accommodation of those two interests. Rather, he seeks the suppression of the use of any of this evidence in future court proceedings. While that may have been the appropriate remedy under the former version of this provision of Rule 41, it no longer is.

In 1989, Rule 41(g)[3] was amended in three respects. First, the language "or by the deprivation of property" was added to the first sentence to make clear that the movant need not establish an unlawful search to request the return of property no longer needed for the government's investigation.

Secondly, the following language was struck from Rule 41(g):

> If the motion is granted, the property shall be restored and it shall not be admissible in evidence at any hearing or trial.

This provision, by its language, provides for a pre-indictment motion to suppress. However, the Supreme Court specifically determined that this language was not "a statutory expansion of the exclusionary rule." *United States v. Calandra*, 414 U.S. 338, 349 n.6, 94 S.Ct. 613 621 n.6 (1974). The Advisory Committee Notes to the 1989 amendments confirm this:

> Rule 41(e) is not intended to deny the United States the use of evidence permitted by the fourth amendment and federal statutes, even if the evidence might have been unlawfully seized. (cites omitted). Thus, the exclusionary rule is preserved for judicial decisions.

The third change made by the 1989 amendment was to add the following sentence:

> "If it grants the motion, the court must return the property to the

---

[3] At the time, motions for return of property were provided for in Rule 41(e), since renumbered to Rule 41(g). For consistency, this provision will be referred to as Rule 41(g) herein.

> movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

This new language highlighted a new approach the courts were to take on these motions as explained by the Advisory Committee Notes for the 1989 Amendments:

> As amended, Rule 41(e) avoids an all or nothing approach whereby the government must either return records and make no copies or keep originals notwithstanding the hardship to their owner. The amended rule recognizes that reasonable accommodations might protect both the law enforcement interests of the United States and the property rights of property owners and holders. In many instances documents and records that are relevant to ongoing or contemplated investigations and prosecutions may be returned to their owner as long as the government preserves a copy for future use. In some circumstances, however, equitable considerations might justify an order requiring the government to return or destroy all copies of records that it has seized. See, e.g., *Paton v. La Prade*, 524 F.2d 862, 867-69 (3rd Cir. 1975). The amended rule contemplates judicial action that will respect both possessory and law enforcement interests.

The leading Ninth Circuit Court of Appeals decision on this issue is *Ramsden v. Unites States*, 2 F.3d 322 (9th Cir. 1993). In *Ramsden*, the court adopted the four-part test established in *Richey v. Smith*, 515 F.2d 1239 (5th Cir. 1975), for determining whether to entertain a pre-indictment Rule 41(g) motion:

> 1) whether the government displayed a callous disregard to the constitutional rights of the movant;
> 2) whether the movant has an individual interest in and need for the property he wants returned;
> 3) whether the movant would be irreparably injured by denying return of the property; and
> 4) whether the movant has an adequate remedy at law for the redress of his grievances.

*Ramsden*, at 325.

In *Ramsden*, an arrest warrant was issued in California for Ramsden to be arrested and face charges in Great Britain. While arresting Ramsden in a hotel room, federal marshals observed papers on a desk and on the floor, as well as a suitcase and briefcase. They opened the suitcase and briefcase to look for weapons, finding instead more documents. Without seeking a warrant, the marshals seized the documents. *Ramsden*, at 323-24.

In *Ramsden*, the Court upheld the district judge's determination that the unexcused failure to obtain a search warrant was a callous disregard for Ramsden's constitutional rights. Ramsden, at 325. The Court went on to conclude that the "mere threat of prosecution is not sufficient to constitute irreparable harm." *Id.* at 326. The Court concluded Ramsden did not have an adequate remedy at law, because this Court cannot presume how the law enforcement conduct will be treated by courts in the United Kingdom. *Id.* Ultimately, the Court determined that the balance of the four *Richey* considerations tilted in Ramsden's favor and required the reaching of the merits of the motion, *Id.*

The critical issue in determining the merits was whether the Government's conduct was so reprehensible that it should be denied the opportunity to retain copies of the documents. *Id.* at 327. Citing the Advisory Committee Notes referred to above, the Court reversed the district judge's order which precluded the Government from retaining copies of the documents. The Court determined that returning the originals to Ramsden and allowing the Government to retain copies of the documents was the most appropriate resolution of the balancing of the interests of the movant and the Government. *Id.*

The Fifth Circuit Court of Appeals also found the Advisory Committee Notes persuasive in overturning a district judge's order requiring the return and complete suppression of documentary evidence pursuant to Rule 41(g), *United States v. Search of Law Office, Residence and Storage Unit Alan Brown*, 341 F.3d 404 (5th Cir. 2003). There, a search warrant was served on an attorney's office, residence and storage units in connection with an investigation of income tax evasion by the attorney. In connection with the search, a taint team procedure was established similar to this case. *Id.*, at 407. Like this case, the attorney refused to participate in identifying privileged documents among those which were seized. Relying on the *Calandra* decision and the Advisory Committee Notes, the Fifth Circuit found that Brown had not established irreparable harm in his vague, unsubstantiated assertion that some of the documents were privileged, or damage to his reputation from being indicted. *Id.*, at 414-15.

In this case, the Government asserts that all four of the *Richey* factors are in the

Government's favor and this Court should decline to entertain the motion for return of property. Trezza argues that callous disregard of movant's constitutional rights is the most important factor, and paradoxically, an evidentiary hearing must be held to determine how egregious Agent Watson's conduct was.

Such an evidentiary hearing is unnecessary, either on the merits or to determine callous disregard of constitutional rights. As the Advisory Committee Notes and the explicit language of the 1989 amendments makes clear there is absolutely no justification for an order divesting the Government of maintaining at least copies, if not the originals, of the documents seized. The decision in *Paton v. LaPrade*, 524 F.2d 862 (3rd Cir. 1975), cited in the committee note for the exception to this rule, involves a unique situation far different from this case. There, a high school student who inadvertently mailed a letter to a group being investigated by the FBI, sought to have her FBI file expunged. Importantly, in that case, the investigation of the student was closed and the Government ostensibly had no further use of the documents. The investigation of Trezza is ongoing, so the Government must be allowed to retain the documents that were seized.

Trezza has not complained that he needs original documents, as opposed to the copies he was given. In fact, it appears Trezza has sold his interest in the law firm.

The relief Trezza seeks is for the documents seized to be suppressed as evidence in any future prosecution against him. That is not an appropriate remedy under Rule 41(g). Even if the *Richey* balancing test favored Trezza, he would ultimately lose on the merits of the motion because the relief sought exceeds the clear language and intent of Rule 41(g).

Because there is no need for an evidentiary hearing, the subpoenas should be quashed and the issue of the disqualification of attorney Mesh and Markovich is premature.

For these reasons, it is the report and recommendation of this Court, that the District Judge, after his independent review of the record, enter an order to:

1. **DENY** the Motion For Return of Property, without prejudice.
2. **GRANT** the Motion to Quash Subpoenas and order the subpoenas, which were previously stayed, quashed.

3.  **DENY** the Motion to Disqualify Attorney's Mesh and Markovich, without prejudice.

4.  **ORDER** that this case is dismissed, without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the parties have ten (10) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed as CV06-00492-TUC-DCB.

The Evidentiary Hearing presently set before U.S. Magistrate Judge Charles R. Pyle, on **FRIDAY, OCTOBER 6, 2006, AT 9:30 A.M.** is **VACATED**.

DATED this 21st day of September, 2006.

*/s/ Charles R. Pyle*

**CHARLES R. PYLE**
**UNITED STATES MAGISTRATE JUDGE**