WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen M. Trezza,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America,<br><br>    Defendant. | CV 06-492 TUC DCB<br><br>**ORDER** |

       The Motion for Return of Property, pursuant to Rule 41(g), is denied for lack of jurisdiction. The Motion to Disqualify Counsel because they will be witnesses at the Rule 41(g) hearing is denied. The Government's motions to quash subpoenas issued by Mr. Trezza for witnesses at the Rule 41(g) hearing are granted.

       On November 2, 2005, Mr. Trezza's law office and law office storage area was searched and documents were seized, pursuant to a search warrant related to an Internal Revenue Service (IRS) investigation. The search was conducted by a taint team of investigators and lawyers not associated with the criminal investigation of Mr. Trezza.

       On June 16, 2006, Mr. Trezza filed a Motion for Franks Hearing and Motion for Return of Property. The Motion for Franks Hearing has been dismissed as premature. *See* (Order signed by this Court on September 14, 2006, affirming order by Magistrate Judge Pyle)). On September 21, 2006, Judge Pyle issued an Order explaining that the Motion for Return of Property, pursuant to Rule 41(g), was a civil equitable proceeding because there was no related pending criminal proceeding. Accordingly, Mr. Trezza needed to pay the requisite filing fee to open a civil case, which he did, and a civil case was opened by the

Clerk of the Court on September 21, 2006. The civil case was assigned to this Court given its relationship to the Motion for Franks Hearing, which had been randomly assigned to this Court for purposes of allowing Mr. Trezza to appeal Magistrate Judge Pyle's ruling on it. Also on September 21, 2006, Judge Pyle issued a Report and Recommendation that this Court not exercise jurisdiction over the Rule 41(g) motion.

Because this case proceeds in equity, pursuant to 28 U.S.C. § 636(b)(1) and LR Civ. 72, this Court *nunc pro tunc*[1] refers it to Magistrate Judge Pyle for the Report and Recommendation.

## 28 U.S.C. § 636: Report and Recommendation

After a full and independent review of the record, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court. Pursuant to 28 U.S.C. § 636(b), the parties had ten days to file written objections to the R & R. Mr. Trezza filed objections. The Government has responded. Any objections that have not been raised are waived and will not be addressed by the Court. *See* 28 U.S.C. § 636(b) (objections are waived if they are not filed within ten days of service of the R & R).

Mr. Trezza objects to the Magistrate Judge's exercise of jurisdiction over the Rule 41(g) motion because he ruled without conducting an evidentiary hearing, thereby making a dispositive ruling in violation of the prohibition for such determinations contained in 28 U.S.C. § 636(b)(1)(A). To the extent that Mr. Trezza argued that a Magistrate Judge must always hold a hearing before issuing a Report and Recommendation, Mr. Trezza is wrong. As he noted in his Supplemental Hearing Brief filed on September 11, 2006: "Evidentiary hearings are required only when a movant alleges facts that are sufficiently definite, specific,

---

[1] This Court notes for the record that Mr. Trezza argued for the Magistrate Judge to exercise jurisdiction over the Rule 41(g) motion, conduct an evidentiary hearing, and issue a ruling. Essentially, Mr. Trezza suggested that Magistrate Judge Pyle act in accordance to 28 U.S.C. § 636, which requires this Court to *nunc pro tunc* refer the Motion for Return of Property for the Report and Recommendation issued on September 21, 2006.

detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented. When a motion alleges facts which, if proven, will require a grant of relief, an evidentiary hearing will be set." (Supplemental Brief at 2 (citing *In the Matter of the Search of the Scranton Housing Authority*, 436 F. Supp. 2d 714, 720 (Pa. 2006)). This Court agrees with the Magistrate Judge that Mr. Trezza failed to alleged a factual dispute relevant to this Court's exercise of its jurisdiction, therefore, no hearing was required. The Magistrate Judge did not issue a dispositive ruling; he issued a Report and Recommendation. The Rule 41(g) motion remains pending before this Court, and is disposed of by this Court after *de novo review.*

## Return of Property: Rule 41(g)

First and foremost, entertaining Mr. Trezza's motion is an exercise of the Court's equitable jurisdiction which it undertakes with caution and restraint, and according to equitable principles. *Ramsden v. United States*, 2 F.3d 322. 324 (9th Cir. 1993) (citing *Kitty's East v. United States*, 905 F.2d 1367, 1370 (10th Cir. 1990)). The equities must be balanced between the Plaintiff and Government's needs for the seized property. There must be a danger of irreparable injury to the movant, stemming from waiting for a remedy rather than from the original seizure, and the movant must have no adequate remedy at law. In the Ninth Circuit the following factors are considered: 1) whether the Government displayed a callous disregard for the constitutional rights of the movant; 2) whether the movant has an individual interest in and need for the property he wants returned, 3) whether the movant would be irreparably injured by denying return of the property, and 4) whether the movant has an adequate remedy at law for the redress of his grievance. *Id.* at 325 (citing *Richey v. Smith*, 515 F.2d 1239, 1243-44 (5th Cir. 1975)).

1. Callous Disregard

Here, Mr. Trezza alleges that the Government displayed a callous disregard for his constitutional rights. According to Mr. Trezza, 18 exhibits, including seven declarations

from former employees of Trezza and his law firm, reflect that Agent Watson knowingly or recklessly submitted false information to Magistrate Judge Pyle as part of Agent Watson's application for the search warrants. Mr. Trezza argues that these exhibits raise material issues of fact as to whether the search and seizure was lawful. The Court has reviewed the exhibits and finds that the declarants only assert the statements in Agent Watson's application were "false, incomplete, and taken out of context." (Motion at Ex. B-L.) None of the declarations assert that he knowingly made such statements. Neither were the statements reckless. It is quite clear from reading the application that Agent Watson relied on three witnesses, Myra Bradway, Cheryl Cayce, and Shannon Bradley, which he deemed to be credible after he verified their employment with Mr. Trezza and that they had no criminal records. Several of the declarations include statements regarding Myra Bradway's vindictiveness towards Mr. Trezza and assert that she would have lied to a federal agent to ruin Mr. Trezza's life. See eg., (Motion at Ex. B and C.)

The evidence put forward by Mr. Trezza does not support his allegations that the Government acted with callous disregard for his constitutional rights when it secured the search warrant, which authorized the search and seizure of documents at Mr. Trezza's law offices.

2.   <u>Individual Interest in and Need for the Property</u>

The Plaintiff does not express a need for access to any of the seized documents. "Trezza concedes that documents the taint team determined to be privileged have been returned to him and presumably no copies of those documents have been retained by the Government. The remaining documents have been copied with Trezza being supplied the copies and the Government retaining the originals." (Report and Recommendation at 2.) He does not argue that he needs to possess the originals nor that the copies will not suffice.

/////

/////

3.     <u>Irreparable Injury</u>

Stigma resulting from being a target of a criminal investigation does not constitute irreparable harm. *Ramsden*, 2 F.3d at 326; *In re Search of Law Office*, 341 F.3d 404, 415 (5th Cir. 2003). Plaintiff makes no argument of irreparable harm related to not possessing the original documents.

4.     <u>Adequate Remedy at Law</u>

When a plaintiff faces criminal charges in the near future, he has an adequate remedy at law. *Angel-Torres v. United States*, 712 F.2d 717, 718-19 (1st Cir. 1983). If criminal charges are filed against the Plaintiff, he may challenge the constitutionality of the search warrant during those proceedings; if charges are not forthcoming, he may reapply to this Court for the return of his property. *Id.* The Court notes that the Government argued for the speedy disposition of these pre-indictment motions because until resolved they impede the investigation[2] and the statute of limitation runs for one of the tax years under investigation on April 15, 2007. *See* (Government's Response to Motion for Extension of Time, filed August 9, 2006, at 2.) Accordingly, charges should be forthcoming.

<u>Conclusion</u>

Based on the foregoing, this Court agrees with the Magistrate Judge's recommendation that this Court decline to exercise jurisdiction over this case. The Court affirms the Magistrate Judge's denial of the Rule 41(g) motion for lack of jurisdiction.

Plaintiff makes much of the Magistrate Judge's discussion of the merits of this case. Lacking jurisdiction, this Court will not engage in such discussion, but does note its agreement with the Magistrate Judge's following conclusions.

---

[2]Pending resolution of the Rule 41(g) motion, the seized documents have not been disclosed to the investigating agent. (Government's Response to Motion for Extension of Time at 2.)

5

"The relief requested by Trezza is that all original documents seized be returned to him and that the Government retain no copies of the documents. This is tantamount to a pre-indictment motion to suppress." (Report and Recommendation at 2.)

"As importantly, Trezza insists on his right to an evidentiary hearing and the civil discovery procedures in advance of the hearing. This is tantamount to extraordinary pre-indictment discovery of the Government's investigation." *Id.* at 2-3.

Rule 41(g) was never intended to be a statutory expansion of the exclusionary rule. *Id.* at 3 (citations omitted). Even in *Ramsden*, where the Court found that a search and seizure conducted *without a search warrant* was callous disregard of the Plaintiff's constitutional rights, it let the government keep a copy of the seized documents to use in its investigation. Mr. Trezza makes no case for returning his property beyond what has already been returned by the Government.

**Accordingly,**

**IT IS ORDERED** that *nunc pro tunc* this case is referred, pursuant to 28 U.S.C. 636, to Magistrate Judge Pyle for a Report and Recommendation.

**IT IS FURTHER ORDERED** that a Report and Recommendation having been filed on September 21, 2006, objections having been filed, and after a full and independent review of the record, including all of the documents and exhibits presented to Magistrate Judge Pyle, his Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Motion for Return of Property / Motion to Suppress (document 2) is denied for lack of jurisdiction.

**IT IS FURTHER ORDERED** that this action is DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that all pending motions to quash (documents 16, 19, 20, 22, 39, and 40) are DENIED.

1  **IT IS FURTHER ORDERED** that the Motion to Disqualify Counsel (document
2  23) is DENIED.
3  **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment
4  accordingly.
5  DATED this 16th day of October, 2006.

David C. Bury
United States District Judge

7